Wilde J.
delivered the opinion of the Court. The plaintiff relies on two titles to the right of way claimed in the writ, the one by grant, the other by prescription ; either of which, as appe ring in evidence, is sufficient to maintain the action.
In 1777, one Peter Sylvester was the owner of the lot of land on which the right of way is claimed ; and also of the *142 wood-lot now owned by the plaintiff. In the deed of Sylvester to Livermore and Jackson, under which the defendant claims by divers' mesne conveyances, there is a reservation made of a right of way across the land granted to the wood-lot, in favor of Sylvester, his heirs and assigns. The right of way is thus made appurtenant to the wood-lot, and has been so claimed and used by the tenants thereof ever since.
It is admitted that the plaintiff has a valid title to the woodlot, but it is denied that he has any title to the right of way ; because in some of his title deeds there is no express grant of the right of way, nor of the appurtenances of the wood-lot. But this omission is not material, for the principle seems to be well settled, that a right of way, or other easement, appurtenant to land, will pass by a grant of the land, without any mention being made of the easement or the appurtenances. This principle is laid down by Lord Coke, and is supported by a strong current of authorities.[1] There is a dictum to the contrary in the case of Higgins v. Grant, Cro. Eliz. 18, but it is wholly unsupported.
It has been argued, that a right of way will not pass as incident to a grant, unless the way is strictly necessary for the enjoyment of the thing granted. This is true in regard to ways of necessity. But the right of way claimed by the plaintiff has no such origin, and the cases cited in support of this position are not applicable. The plaintiff’s right is derived from an express reservation ; the easement reserved was made for the accommodation of the wood-lot, and thus became appurtenant to it; and as it belonged to this lot, so it passed with it without being named. This title, therefore, is well maintained, and fully supports the three first counts.
The two last counts were founded on a prescriptive title, and that also is well maintained by the evidence. It was proved that the plaintiff and his ancestors, owners of the farm adjoining the wood-lot, had used and enjoyed, without interruption, a way over the defendant’s lot, for upwards of forty years : a sufficient length of time to establish a title by pre *143 scription; [as was again decided in the case of Melvin v. Whiting, post, 295.][1]
It has been argued, that the evidence proved a custom, and not a prescriptive right; but we think it proved both a prescriptive title in the plaintiff, and a right by custom in others ; and their right$ are not inconsistent. Different persons may. have a right of way over the same place by different titles, one by grant, another by prescription, and a third by custom ; and each must plead his own title, and if he proves it, it is sufficient, although he may also prove a. title in another, provided the titles are distinct and not inconsistent. There seems, therefore, to be no valid objection to either of these titles, and the defendant, according to agreement, is to be defaulted.

 See United States v. Appleton, 1 Sumner, 492 ; 3 Kent’s Comm. (3d ed. 420; Hazard v. Robinson, 3 Mason, 272; Plant v. James, 5 Barn, & Adolph 791.

 See Reed v. Northfield, 13 Pick. 94; Revised Stat. c. 119; Valentine v. Boston, 22 Pick. 75; Hinckley v. Hastings, 2 Pick. (2d ed.) 164,165, note.